**UNITED STATES DISTRICT COURT**
**OF THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **WILLARD LECROY, INDIVIDUALLY** | § | |
| **AND ON BEHALF OF THE ESTATE OF** | § | |
| **LILIA LECROY, DECEASED, AND** | § | |
| **EDWARD LECROY** | § | |
| | § | |
| **VS.** | § | **CAUSE NO. _____** |
| | § | **JURY TRIAL DEMANDED** |
| | § | |
| **VOLUME TRANSPORTATION, INC. and** | § | |
| **MARIO SAUCEDO** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff files this original complaint, and would respectfully show the Court as follows:

**I. Nature of Suit**

1.      This is a negligence claim arising out of a severe wreck with a tractor trailer.

**II. Parties**

2.      Plaintiff, Willard Lecroy, individually and on behalf of the estate of Lilia Lecroy, deceased, is a citizen and resident of Smith County, Texas.

3.      Plaintiff, Edward Lecroy, is a citizen and resident of Smith County, Texas.

4.      Defendant, Volume Transportation, Inc. is a Georgia corporation with its principal place of business at 2261 Plunkett Road, Conyers, GA 30012. Volume Transportation, Inc. does not maintain a registered agent for service of process in Texas. Therefore, Volume Transportation, Inc. may be served through the Secretary of State, by certified mail, Return Receipt Requested, at

Service of Process
Secretary of State
P.O. Box 12079
Austin, Texas 78711-2079

5.      Defendant, Mario Saucedo, is a citizen and domiciliary of Ridge Manor, Florida,

and his place of residence is, 6060 Knollwood Dr., Ridge Manor, FL 33523. Service on Mario

Saucedo may be made through the Chairman of the Texas Transportation Commission, by

certified mail, Return Receipt Requested, at

Tryon D. Lewis, Chairman
Texas Transportation Commission
125 E. 11th St.
Austin, Texas 78701-2483

## III. Jurisdiction and Venue

6.      The court has jurisdiction over this lawsuit because this suit involves diversity

jurisdiction pursuant to Section 28 U.S.C. 1332(a). Specifically, there is diversity between the

parties because the plaintiff is a citizen of Texas, the defendant corporation is a citizen of

Georgia, and the defendant driver is a citizen of Florida. Additionally, the amount in controversy

exceeds $75,000.

7.      Further, venue is proper in the Tyler division of the Eastern District of Texas in

that all or a significant portion of plaintiff's claims and/or causes of action accrued in the Eastern

District of Texas pursuant to 28 U.S.C. §1391(a). Specifically, this crash occurred in Smith

County, Texas, while Saucedo was operating a vehicle in Smith County, Texas, within the course

and scope of his employment for Volume Transportation, and the facts are detailed below. These

contacts in Smith County also satisfy the personal jurisdiction requirements as to each defendant

because specific jurisdiction is present.

## IV. Facts

8.      This lawsuit arises from a severe wreck that occurred on February 03, 2017. Mario Saucedo was operating a 2017 Cascadia Freightliner, with a 1999 Great Dane Trailer attached, while in the course and scope of his employment for Volume Transportation, Inc.

9.      Jessica Lecroy drove the 2004 Nissan Xterra, Edward Lecroy was a backseat passenger, and Decedent Lilia Lecroy was a front seat passenger in the same vehicle. Willard Lecroy, husband of Lilia Lecroy at the time of her death, was not in the vehicle.

10.     At about 4:13 in the afternoon on Friday, February 3rd, Saucedo was northbound on US 271, in the outside lane, approaching the intersection of US 271 and the loop extension in a 55 mph zone. The Nissan Xterra was southbound on US 271, in the left turn lane. This busy intersection is controlled by a light.

11.     Saucedo was traveling at a faster rate of speed than appropriate for the traffic conditions. Saucedo failed to recognize that his light had been yellow for a long period of time, and failed to slow down at all or stop. Saucedo failed to recognize that four vehicles were turning in front of him in quick succession, and entered the intersection as the light changed to red, causing the catastrophic wreck with the fourth vehicle—the Lecroy's vehicle.

12.    Still shots from Saucedo's dash cam depict Saucedo's negligence.

At 22:11:21, the middle ball is illuminated:



A split second later, still at 22:11:21, the left ball (red light) is illuminated:



13.     Saucedo collided with the Xterra on the front passenger side, causing the death of Lilia Lecroy and severe injury to Edward Lecroy.



## V. Negligence of Mario Saucedo

14.     In causing the collision, Saucedo was negligent in the following acts and omissions:

A.      Defendant failed to stop at the proper place.

B.      Defendant failed to control his speed as required by the laws of the State of Texas.

C.      In that the defendant failed to timely apply his brakes as a reasonable and prudent person would do under the same or similar circumstances.

     D.     Failing to maintain a proper lookout, and was otherwise inattentive.

     E.     In that the defendant failed to take proper evasive action.

     F.     In that the defendant failed to yield right of way.

Each negligent act or omission constituted a proximate cause of the collision and of the resulting injuries to Edward Lecroy and the death of Lilia Lecroy.

## VI. Vicarious Liability Of Defendant, Volume Transportation, Inc.

15.     At all relevant times to the collision, Saucedo was acting in the course and scope of his employment with Volume Transportation, Inc. Therefore, Volume Transportation, Inc. is vicariously liable for the negligence and negligence per se of its employee, Saucedo.

## VII. Negligence Of Volume Transportation, Inc.

16.     Volume Transportation, Inc. was negligent in the following acts and/or omissions:

     A.     Negligent entrustment as that term is defined under Texas law.

     B.     Negligent hiring.

     C.     Negligently failing to institute and maintain reasonable driving training and safety programs for employees in a same or similar position as Saucedo, and

     D.     Negligently failing to supervise Saucedo.

Each negligent act or omission constituted a proximate cause of the collision and of the resulting injuries to Edward Lecroy, and the death of Lilia Lecroy.

## VIII. Damages

17.    As a proximate result of defendant's negligence, Plaintiff, Edward Lecroy, has suffered serious bodily injury and seeks damages as follows:

      A.    Physical pain and mental anguish in the past and future

      B.    Medical expenses and related expenses for medical care in the past and future.

      C.    Loss of wages and/or loss of earning capacity in both the past and in the future.

      D.    Impairment in the past and future.

      E.    Disfigurement in the past and future.

15.    As a proximate result, of defendant's negligence, Plaintiff, Willard Lecroy, individually and on behalf of Lilia Lecroy, deceased, seeks damages as follows:

      A.    Pain and mental anguish for Lilia Lecroy;

      B.    Funeral and burial expenses for Lilia Lecroy;

      C.    Pecuniary loss in the past and future for Willard Lecroy and Edward Lecroy;

      D.    Loss of companionship and society in the past and future for Willard Lecroy and Edward Lecroy;

      E.    Mental Anguish in the past and future for Willard Lecroy and Edward Lecroy;

      F.    Loss of inheritance for Willard Lecroy and Edward Lecroy;

## IX. Jury Demand

18.     Plaintiff requests a jury trial and tenders the required jury fee.

## X. Prayer

Plaintiff asks that this Court enter a judgment in favor of plaintiff, an award of damages as explained above, costs, pre and post-judgment interest, and other special damages in accordance with the relief she is entitled, and such other relief as the Court deems just and proper.

Respectfully submitted,



121 N. Spring Avenue
Tyler, Texas 75702
(903) 526-1600 Telephone
(903) 595-0796 Telefax
mschouten@martinwalkerlaw.com


By:     ___/s/ Marisa Schouten_____
        Marisa Schouten
        Bar I. D. No. 24039163

        ATTORNEYS FOR PLAINTIFFS